IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
3:07 pm, 2/14/24
U.S. Magistrate Judge

| | |
|---|---|
| UNITED STATES OF AMERICA., <br><br> Plaintiff, <br><br> vs. <br><br> NATHAN K CASH, <br><br> Defendant. | Case No.  L:23-PO-00307-SAH |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS REVOCATION PETITION

Before the Court is a Motion to Dismiss Revocation Petition filed by Defendant through counsel.  ECF No. 29.  The Motion requests the Court dismiss the revocation petition and terminate Defendant's supervised probation pursuant to 18 U.S.C. § 3562(b)(2). *Id.* The United States filed its Response in support of the termination of probation "based on the language of 18 U.S.C. § 3561(a)(3)[,] which does not allow a sentence of both incarceration and probation to be imposed on a single petty offense." ECF No. 31 at 1.

### I. Background

On June 11, 2023, Defendant was arrested and charged with three violation notices: count 1 for Under the Influence (ECF No. 1); count 2 for Disorderly Conduct (ECF No. 3); and count 3 for Assault (ECF No. 4).  All offenses are Class B misdemeanors and petty offenses.  At his initial appearance before this Court, the Defendant was ordered detained. ECF Nos. 6, 9.  Counsel was appointed, and arraignment was set for June 15, 2023.  At the arraignment, pursuant to a plea agreement, the Defendant plead guilty to Counts 1 and

3, and Count 2 was dismissed. ECF No. 12. The Defendant was remanded to the custody of the United States Marshal to serve a 30-day sentence of imprisonment and placed on two years of supervised probation with terms and conditions. ECF No. 13. The Judgment did not delineate between the two counts for sentencing purposes. The Defendant did not object to his sentence at the time it was pronounced, nor did he appeal the sentence of the Court. *See* 18 U.S.C § 3742; and Fed. R. Crim. P. 35(a).

Subsequently, the Court issued a warrant for the Defendant's arrest based upon allegations he violated the terms and conditions of his probation. ECF No. 19. The Defendant was arrested in the Eastern District of Washington and appeared before a magistrate judge in that district. ECF No. 21. In opposition to Defendant's return to Wyoming, the Defendant filed a motion to dismiss the petition similar to the one filed in the District of Wyoming. ECF Nos. 21, 29. The magistrate judge in the Eastern District of Washington determined he did not have jurisdiction to hear the motion to dismiss based upon an illegal sentence imposed in the District of Wyoming. The court conducted a preliminary hearing on the petition to revoke probation and found probable cause existed that the Defendant had violated the terms of his probation. The court transferred the case to the District of Wyoming and the Defendant was released and given a court date to appear in the District of Wyoming. ECF Nos. 21, 28. Defendant then filed this pending Motion. ECF No. 29.

Defendant's Motion argues that the Defendant's original sentence is illegal under 18 U.S.C. § 3561(a)(3), which prohibits a sentence of imprisonment followed by probation on a single petty offense count—relying on the ruling in *U.S. v. Little,* 78 F.4th 453 (D.C. Cir. 2023). The Defendant further argues that since his sentence is illegal and he served his term of incarceration, "the proper remedy is to immediately discharge him from probation

2

and to issue an amended judgment reflecting no probationary term." ECF No. 29 at 9. Defendant makes this request pursuant to 18 U.S.C. § 3562(b)(2). *Id.* at 1. In its response, the Government agrees with the Defendant's request stating, "the Revocation Petition should be dismissed, the probation portion of the Defendant's sentence vacated, and the case closed." ECF No. 31 at 3.

## II. Discussion

Prior to reaching a decision on the merits of party's request, a court must satisfy itself that it has authority to act upon the party's request, even if not questioned by either side. *U.S. v. Green,* 405 F.3d 1180, 1184 (10th Cir. 2005). Federal courts have only the powers authorized by statute or the Constitution. *Id.* (*citing Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986)).

Defendant states his request to dismiss the revocation petition and correct the original sentence is being made pursuant to 18 U.S.C. § 3562(b)(2).

18 U.S.C. § 3562(b)(2) reads as follows:

> **Effect of finality of judgment**.—Notwithstanding the fact that a sentence of probation can subsequently be— . . .
>
>   (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; …
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. § 3562(b)(2). A sentence of imprisonment is likewise a final judgment with the same avenues for correction. *See* 18 U.S.C. § 3582(b)(2).

Looking to the referenced rule and statute, Rule 35 of the Federal Rules of Criminal Procedure allows a court to "correct a sentence that resulted from arithmetical, technical or other clear error" within 14 days after sentence is pronounced. Fed. R. Crim. P. 35(a);

3

*see also U.S. v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). It also allows for a sentence reduction within one year upon the government's motion demonstrating substantial assistance on the part of a defendant. Fed. R. Crim. P. 35(b). Title 18 U.S.C. § 3742 provides for the review of a sentence in certain circumstances: an appeal by the defendant, or an appeal by the government. 18 U.S.C. § 3742(a) and (b).

The circumstances presented by the Defendant in this case do not meet any of these provisions and the Defendant has not provided any authority, statutory or otherwise, that gives this Court the power to do what he requests, and this Court has been unable to find any such authority. Rather, a court may only modify a sentence when Congress has "expressly granted the court jurisdiction to do so." *U.S. v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). And courts have repeatedly followed this principle. *See U.S. v. Johnson,* 766 Fed.Appx. 648, 649-50 (10th Cir. 2019)(Congress must have expressly granted jurisdiction for a court to modify a sentence); *U.S. v. McGaughy,* 670 F.3d at 1158 (Rule 35 is a "mandatory restriction on a court's authority" to modify a sentence); *U.S. v. Coon,* 2023 WL 3391496 at 2 (D. Utah 2023)(courts do not have the authority to modify sentences on the grounds of illegality); *U.S. v. Castro-Verdugo*, 750 F.3d 1065, 1069 (9th Cir. 2014)(even though an underlying sentence may not be valid, revocation proceedings may not be used to "investigate the validity of the original sentence")(citations omitted); *U.S. v. Turner*, 88 Fed.Appx. 307 (10th Cir. 2004)(unpublished). The Advisory Committee Notes to Rule 35(a)[1] state that "[t]he authority to correct a sentence under this subdivision is intended to be very narrow." Fed. R. Crim. P. 35 (Advisory Committee Notes).

---

[1] Formerly F.R.Cr.P. 35(c).

4

Courts have also held that a revocation proceeding is not the proper forum for disputing the legality of the underlying sentence. *U.S. v. Sanchez,* 891 F.3d 535, 538 (4th Cir. 2018). In *Sanchez,* at the defendant's hearing for revocation of supervised release, he challenged his original sentence as unconstitutional. The court found that Congress has provided specific avenues for defendants to challenge an underlying sentence: direct appeal or a motion under 18 U.S.C. § 2255. *Id.* Unless properly challenged, a sentence is final and valid. Courts have great interest in the finality of judgments. Allowing defendants to attack the original sentence at any revocation hearing would require a greater amount of judicial resources and risk "a partial or wholesale sentencing redo." *Id.* at 539. It also would provide a disadvantage to those defendants who comply with the terms of their probation. *Id.*

The history of Rule 35 supports a court's limited authority to review an illegal sentence. Prior to the current version, Rule 35(a) previously allowed a court to correct an illegal sentence "at any time" and to correct an illegal sentence within the time frame for a sentence reduction. *See U.S. v. Smith*, 929 F.2d 1453, 1462 (10th Cir. 1991)(dissenting opinion cites to *U.S. v. Howard,* 902 F.2d 894, 897 (11th Cir. 1990), *U.S. v. Jordan*, 915 F.2d 622, 627 (11th Cir. 1990)(referencing the change in Rule 35 and the new restrictions on a district court's power to resentence or correct an illegal sentence); *see also* Fed. R. Crim. P 35 (Notes of Advisory Committee on 1991 amendments; 1984 Amendments to Rule 35)*;* and *Sentencing Reform Act of 1984.* Congress specifically took this authority from the courts with its amendment to the current version.

In addition, subsequent cases from the District Court for the District of Columbia, where *Little* was decided, containing fact patterns almost identical to those in this case, have found that the sentencing court has no power to alter an underlying sentence. *Little*

5

was decided by the appellate court after a direct appeal of the defendant's sentencing, as provided in the rules and statutes. In *U.S. v. Pryer,* the defendant had been sentenced in May of 2022 for a petty offense charge to a term of forty-five days imprisonment followed by three years of probation. *U.S. v. Pryer*, No. 1:21-cr-667-RCL-2, 2024 U.S. Dist. LEXIS 18270, 2024 WL 404378 (D.D.C. 2024). After serving her term of imprisonment, Pryer began serving her term of probation. During her probation, it was reported that she had violated multiple conditions and terms of her probation, and the court issued a warrant for her arrest. *Id.* at 2. While the revocation was pending, the D.C. Court of Appeals issued its ruling in *Little* declaring imprisonment and probation on a single petty offense count was an illegal sentence. At Pryer's preliminary hearing in front of the magistrate judge, the judge asked the parties to brief the issue on whether Pryer's probation should be terminated as an illegal sentence. *Id.* The defendant argued her sentenced of probation should be terminated under 18 U.S.C. § 3564(c).[2] The government requested the sentence be vacated and the matter be set for resentencing. *Id.* at 3. The district court noted that the government provided no authority which allowed the court to set aside a sentence in these circumstances. *Id.* Instead, the court discussed the desire for the finality of criminal sentences and the narrow exceptions Congress has created for challenging sentences. The court declined to terminate probation early, finding that the defendant had not met the requirements of 18 U.S.C. § 3564(c), which includes a finding that early termination is appropriate considering the "conduct of the defendant." *Id.* at 9. Furthermore, the court found it had no authority to vacate the sentence previously imposed. Instead, the court determined it would continue with the probation revocation hearing and

---

[2] This request is pursuant to a different statutory section than put forth in this case.

*if* the defendant was found to have violated his sentence, it would then proceed to sentencing. *See also U.S. v. Rader*, No. 1:22-cr-57-RCL, 2024 WL 474535 (D.D.C. 2024)(a defendant facing probation revocation allegations would not be eligible for early termination when considering the conduct of the defendant).

### III. Conclusion

For the foregoing reasons, the Court finds that it does not have the authority to consider the Defendant's request to dismiss the revocation and discharge him from probation despite the government's acquiescence. The statute cited by the Defendant, 18 U.S.C. § 3562(b)(2) and the other statutes and rules contained therein provide this Court with no such power. As such, since the Court does not have the authority to address the Defendant's request, the Court will not decide its interpretation of the legality of the Defendant's underlying sentence. While the D.C. Appellate Court may provide persuasive authority, its decision is not binding on this Court.

For the foregoing reasons, the Court denies the Defendant's Motion to Dismiss without prejudice. The matter will be set for a final revocation proceeding hearing in due course.

DATED this 14th day of February 2024.

*Stephanie Hambrick*
STEPHANIE A. HAMBRICK
U.S. Magistrate Judge